Curia, per
Richardson, J.
Harris, the landlord, distrained the goods of his tenant, Clayton, who replevied them, and of course gave bond and securities for their return, &c. if the rent proved to be in arrear.
The verdict upon the replevin, found the rent claimed by Harris, the avowant; and the Retorno habendo was properly levied upon the goods replevied, and still undisposed of by the tenant, although removed to other premises. In the mean time an execution of fit. fa. had been lodged with the sheriff. This was prior to the Retorno habendo, and such an execution has a lien upon all the goods of the defendant not otherwise pledged.
Does this general lien give place to the particular lien of the distress warrant, upon the goods so replevied? is the question for the Court. It is admitted that if the goods had in the mean time been distrained, upon other premises, for other rent; or if Clayton had sold them, while legally in his hands, then the lien of the distress warrant would have been lost, (2 Dallas, 68 ; Brown’s Chancery Cases, 428.) The tenant would have *128 broken Ills bond of replevin, and the sheriff must have returned Elongata sunt to the Relurno habendo. And, in that case, the avowant must have resorted to the execution in “ Withernam,”(a) to take other goods ; or else, the replevin bond being thus forfeited, must sue the tenant and his sureties upon it. But when, as in this case, the sheriff returned to the avowant’s execution, that he found the replevin-goods just where they were placed, and ought to be, in the hands of the tenant, the landlord had no other remedy, but to sell the goods to pay the rent. As between the landlord and tenant, the lien of the distress warrant was never lost. The sale of the goods was merely suspended in order to try the question, whether the rent had been truly in arrear; and the moment that was established, both parties stood in statu quo, practically, as they stood before legally, but in abeyance, waiting for the decision of that fact.
See 3 McC. 43. An.
The doctrine of distress for rent, with the right of replevin, followed by the reason of the peculiar execution of Retorno habendo, and that of Withernam, in the case of eloignment of *goods, plainly indicate that the lien of the distress warrant renders it plain that both the Retorno and the Withernam, go upon the assumption of such a continued lien. The question then is, upon the priority of the two executions, the one a specific, the other a general lien and prior.
As a test, let us suppose that there had been no distress warrant for the rent, and the ft. fa. had been levied upon such goods as were subject to be distrained ; in that case, the rent now acquired, must have been paid before the fi. fa. under settled law. (DeLiesseline’s case, 4 McCord, 496.) And the only difference is, that the Retorno habendo has been levied upon such such goods of the premises, but which had been lawfully removed by suspending the distress warrant, in order to try a supposed violation of law, in making the distress. In such case, no general lien, which is of course subject to prior and specific liens, can deprive the landlord of his specific and vested lien upon the particular goods he had distrained.
It would seem, too, that the sheriff having found the very goods undis-posed of by the tenant, nor eloigned by any act of his, the Retorno habendo could not but be returned satisfied ; and of course they, the sureties to the replevin bond, who undertook that the goods should not be eloigned, were ipso facto discharged from their obligation by its ful-filment ; and then, of course, the landlord would be confined to his remedy against the tenant.
The Court therefore affirm the Circuit decision.
The whole Court concurred.

 2 N. & M. 444. An.